UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TIMOTHY E. JONES,

      Plaintiff,

v.                                                                  Case No. 3:24-cv-45-MMH-LLL

SHERIFF T.K. WATERS, et al.,

      Defendants.

_____

## ORDER

    Plaintiff Timothy E. Jones, a pretrial detainee at the Duval County Jail, initiated this action on January 12, 2024, by filing a pro se Complaint for a Civil Case (Complaint; Doc. 1). Jones names Sheriff T.K. Waters and Waste Management Insurance Company as the Defendants. Complaint at 2. In the Complaint, he asserts law enforcement officers used excessive force at the time of his arrest and while he was in custody. Id. at 4. As a result of the force, Jones allegedly sustained injuries to his head, ankle, and foot. Id. He requests $750,000 in damages. Id.

    Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of

subject matter jurisdiction. <u>See</u> <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction <u>sua</u> <u>sponte</u> whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." <u>Baltin v. Alaron Trading Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997).

Here, Jones invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. <u>See</u> Complaint at 3. For a court to have diversity jurisdiction, "all plaintiffs must be diverse from all defendants." <u>Univ. of S. Ala.</u>, 168 F.3d at 412. To establish diversity over a natural person, a party must include allegations of the person's citizenship. <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994). Whereas "[t]he federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 80 (2010) (emphasis omitted) (quoting 28 U.S.C. § 1332(c)(1)). In the Complaint, Jones fails to present allegations sufficient to establish that the parties are diverse from each other. Although

Jones alleges that he is a citizen of Florida, he provides no citizenship information for the Defendants. <u>See</u> Complaint at 3–4. He thus fails to demonstrate the existence of diversity jurisdiction. Nevertheless, it appears Jones intends to bring a civil rights claim under 42 U.S.C. § 1983 because his factual allegations concern law enforcement officers' use of force during his arrest and custody. <u>See</u> Complaint at 4. Such a claim invokes the Court's federal question jurisdiction.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[1] <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing <u>Battle v. Cent. State Hosp.</u>, 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed <u>in</u> <u>forma</u> <u>pauperis</u> which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should

---

[1] Jones has neither paid the filing fee nor filed an application to proceed as a pauper. As such, for purposes of the Court's required screening, the Court will assume he intends to proceed as a pauper.

only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v.

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Jones' pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings

6

drafted by attorneys and will, therefore, be liberally construed," <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" <u>Campbell v. Air Jamaica Ltd.</u>, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting <u>GJR Invs., Inc. v. Cnty. of Escambia</u>, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), <u>overruled in part on other grounds as recognized in</u> <u>Randall</u>, 610 F.3d at 709).

Liberally read, Jones' Complaint fails to state a plausible § 1983 claim against Defendants. A plaintiff can only raise § 1983 claims against "a person acting under the color of state law." <u>Griffin v. City of Opa-Locka</u>, 261 F.3d 1295, 1303 (11th Cir. 2001). Jones does not allege that Waste Management Insurance Company (WMIC) is a state actor subject to liability under § 1983, nor does the Complaint contain factual allegations suggesting a close nexus between WMIC and the state such that its activity may be attributable to the state. Indeed, Jones pleads no facts connecting WMIC to the underlying use of force. As such, the claims against WMIC are due to be dismissed.

In addition, it appears Jones sues Sheriff Waters based on his supervisory position. The Eleventh Circuit has held that "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983

for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1360 (11th Cir. 2003), <u>abrogated in part on other grounds by</u> <u>Randall v. Scott</u>, 610 F.3d 701 (11th Cir. 2010). To establish individual liability for supervisory conduct, a plaintiff must show "that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." <u>Keith v. DeKalb Cnty.</u>, 749 F.3d 1034, 1047-48 (11th Cir. 2014).

> Causation "may be established and supervisory liability imposed where the supervisor's improper custom or policy results in deliberate indifference to constitutional rights." <u>Id.</u>[3] (alterations adopted) (internal quotation marks omitted). "A plaintiff can also show that the absence of a policy led to a violation of constitutional rights." <u>Piazza</u>,[4] 923 F.3d at 957. "Either way, though, to prove that a policy or its absence caused a constitutional harm, a plaintiff must point to multiple incidents, or multiple reports of prior misconduct by a particular employee." <u>Id.</u> (citation omitted). And allegations of a single incident of unconstitutional conduct cannot state a claim for supervisory liability, even when the conduct involves several subordinates. <u>Id.</u> at 957-58.

<u>Ingram v. Kubik</u>, 30 F.4th 1241, 1254 (11th Cir. 2022). Jones has not alleged that Sheriff Waters was personally involved in or causally connected to the

---

[3] <u>Hartley v. Parnell</u>, 193 F.3d 1263 (11th Cir. 1999).
[4] <u>Piazza v. Jefferson Cnty.</u>, 923 F.3d 947 (11th Cir. 2019).

alleged violations of his rights. As such, he fails to state a claim for relief against Sheriff Waters. Therefore, this case will be dismissed without prejudice to Jones' right to refile his claims under 42 U.S.C. § 1983 with factual allegations sufficient to support a claim for relief against a proper defendant if he elects to do so. The Court has approved the use of a form for § 1983 actions, and Jones will be provided with a copy of this form.

Therefore, it is now

**ORDERED:**

1.      This case is **DISMISSED without prejudice**.

2.      The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

3.      The **Clerk** shall send Jones a civil rights complaint form and an application to proceed in forma pauperis (prisoner filings) form.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of February, 2024.

**MARCIA MORALES HOWARD**
United States District Judge

9

Jax-9 2/7
c:      Timothy E. Jones, #2023029419